IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOSE MARIA DELEON, § | | |
| # 76243-379, § | | |
| Movant, § | | |
| § | | 3:18-CV-232-M-BT |
| v. § | | 3:14-CR-443-M-1 |
| § | | |
| UNITED STATES OF AMERICA, § | | |
| Respondent. § | | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Movant Jose Maria DeLeon, a federal prisoner, filed a *pro se* motion to vacate, set-aside, or correct sentence under 28 U.S.C. § 2255. The District Court referred the resulting civil action to the United States magistrate judge pursuant to 28 U.S.C. § 636(b) and a standing order of reference. For the following reasons, the Court should deny the motion and summarily dismiss this action.

I.

On March 3, 2015, pursuant to a written plea agreement containing an appeal waiver, Movant pleaded guilty to aiding and abetting the manufacturing of firearms without a license, in violation of 18 U.S.C. §§ 922(a)(1)(A) & 2. (Crim. Doc. 53).[1] On September 9, 2015, the Court sentenced Movant to 60 months imprisonment. (Crim. Doc. 52 at 56).

---

[1] When referencing the docket, the Court will designate the Criminal Action No. 3:14-CR-443-M as "Crim. Doc."

1

Movant filed a direct appeal, which the Fifth Circuit dismissed. *See United States v. DeLeon*, 689 F. App'x 283 (5th Cir. 2017).

Movant then filed the instant § 2255 motion (Doc. 2), in which he raises four claims that he labels "Ineffective Assistance of Counsel." In response, the government argues Movant's claims fail to address ineffective assistance of counsel, are waived, are procedurally barred, and lack merit. (Doc. 7). The motion is fully briefed and ripe for determination.

## II.

To succeed on a claim of ineffective assistance of counsel, a movant must show "counsel's representation fell below an objective standard of reasonableness," with reasonableness judged under professional norms prevailing at the time counsel rendered assistance. *Strickland v. Washington*, 466 U.S. 668, 690 (1984). The standard requires the reviewing court to give great deference to counsel's performance, strongly presuming counsel exercised reasonable professional judgment. *Id.* The right to counsel does not require errorless counsel; instead, a criminal defendant is entitled to reasonably effective assistance. *Boyd v. Estelle*, 661 F.2d 388, 389 (5th Cir. 1981); *see also Rubio v. Estelle*, 689 F.2d 533, 535 (5th Cir. 1982); *Murray v. Maggio*, 736 F.2d 279, 281-82 (5th Cir. 1984).

Secondly, movant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability

sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. The movant must "affirmatively prove," not just allege, prejudice. *Id.* at 693. If he fails to prove prejudice, the court need not address the question of counsel's performance. *Id.* at 697. Merely presenting "conclusory allegations" of deficient performance or prejudice is insufficient to meet the *Strickland* test. *Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000).

### III.

Although he labels each of his four claims as "Ineffective Assistance of Counsel," *see* Doc. 2 at 10-14, Movant fails to address his counsel's performance in his § 2255 motion. He makes no allegation that his counsel provided deficient performance, or that he was prejudiced in any way. *See Id.* Movant's memorandum in support of his motion similarly fails to raise any ineffective-assistance-of-counsel claim. *See* Doc. 3. Merely, labeling a claim as "Ineffective Assistance of Counsel," without any further support is insufficient to support the claim. *See Miller* 200 F.3d at 282. Movant's conclusory allegations are insufficient to entitle him to relief. *Schlang v. Heard*, 691 F.2d 796, 799 (5th Cir. 1982) ("Mere conclusory statements do not raise a constitutional issue in a habeas case.").

In his reply, Movant, for the first time, appears to argue that his counsel provided ineffective assistance by "wrongly" advising him "to take a plea bargain of 60 months or five (5) years of incarceration." (Doc. 10 at

3

23.). The Court may decline to consider this ineffective assistance of counsel claim asserted for the first time in his reply. *See United States v. Marroquin*, 2009 WL 89242, at *4; *Bonds v. Quarterman*, 2008 WL 4367294, at *3 n. 1; *see also United States v. Cervantes*, 132 F. 3d 1106, 1111 (5th Cir. 1998). But even if the Court considers it, the claim lacks merit. To satisfy the prejudice requirement in *Strickland*, Movant "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). In this case, Movant makes no mention that, much less shows a reasonable probability that, but for his counsel's advice, he would have insisted on going to trial. He has thus failed to demonstrate his counsel was ineffective.

To the extent that Movant argues his counsel was ineffective at sentencing, presumably for not impeaching certain government witnesses who testified regarding sentencing enhancements, he fails to show how he was prejudiced by this. Through securing Movant's plea agreement, his counsel reduced Movant's sentencing exposure from ten to five years imprisonment and reduced his applicable guideline range by up to 27 months. (*See* Crim. Doc. 31-1 at ¶¶ 72-75). Even though, after hearing from the government's witnesses, the Court ultimately overruled all but one of Movant's counsel's objections to the enhancements, (*see* Crim. Doc. 52 at 45-46), this did not prejudice Movant. While imposing Movant's sentence,

4

the Court stated, "I will say that a sentence of 60 months would be the Court's sentence without regard to the enhancement issues that the Court has ruled on. That is what I believe to be an appropriate sentence. And had that not been the guideline range, the Court would have varied upward to that sentence." (*Id.* at 55-56). Movant has failed to prove he was prejudiced by his attorney's performance at sentencing. *See Strickland*, 466 U.S. at 693-94.

IV.

To the extent that Movant's Section 2255 motion challenges the government's use of evidence and the Court's acceptance of that evidence, these arguments are waived and also procedurally barred. In Ground One, Movant argues that the government used false evidence "of one of their own government's witness during Indictment and Criminal Case Process." (Doc. 2 at 10). In Ground Two, Movant argues that the coconspirators "were already in the thriving and lucrative firearms business" before he ever became involved in the scheme. (*Id.* at 11.) In Ground Three, Movant challenges a co-conspirator's credibility. (*Id.* at 12.), and in Ground Four, Movant claims that he was deprived of the "fair and equitable" administration of justice by the government's use of false evidence against him. (*Id.* at 14.) He also claims in Ground Four that "the record does not support a factual basis for [his] guilty plea." (*Id.*).

5

In his plea agreement filed with the Court on February 12, 2015, Movant waived "his rights, conferred by 28 U.S.C. § 1291 and 18 U.S .C. § 3742, to appeal from his conviction and sentence." (Crim. Doc. 22 at 4). Movant further waived "his right to contest his conviction and sentence in any collateral proceeding, including proceedings under 28 U.S.C. § 2241 and 28 U.S.C. § 2255." (*Id.* at 4-5). He specifically reserved "the rights (a) to bring a direct appeal of (i) a sentence exceeding the statutory maximum punishment, or (ii) an arithmetic error at sentencing, (b) to challenge the voluntariness of his plea of guilty or this waiver, and (c) to bring a claim of ineffective assistance of counsel." (*Id.* at 5).

The Fifth Circuit has upheld the informed and voluntary waiver of post-conviction relief in *United States v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994). More recently, the Fifth Circuit noted that it has upheld Section 2255 waivers except for ineffective assistance of counsel claims that affect the validity of that waiver or the plea itself or when the sentence exceeds the statutory maximum. *United States v. Hollins*, 97 Fed. Appx. 477, 479 (5th Cir. 2004).

In the present case, Movant signed a plea agreement, which included a waiver of the right to appeal or otherwise challenge his sentence through a Section 2255 motion. In his agreement, Movant acknowledged, "[t]his plea of guilty is freely and voluntarily made and is not the result of force or threats, or promises apart from those set forth in this plea agreement.

6

There have been no guarantees or promises from anyone as to what sentence the Court will impose." (Doc. 22 at 4). Movant additionally acknowledged that he had "thoroughly reviewed all legal and factual aspects of this case with his lawyer and is fully satisfied with that lawyer's legal representation . . . [he] has received from his lawyer explanations satisfactory to him concerning each paragraph of this plea agreement, each of his rights affected by this agreement, and the alternatives available to him other than entering into this agreement." (*Id.* at 5). Movant then conceded "that he is guilty, and after conferring with his lawyer, [he] has concluded that it is in his best interest to enter into this plea agreement and all its terms, rather than to proceed to trial in this case. (*Id.*)

At Movant's change of plea hearing, the Court advised Movant of the rights he would retain if he pleaded not guilty as well as the rights he would give up if he pleaded guilty. (Crim. Doc. 53 at 12-14). The Movant assured the Court that he discussed with his attorney the charges against him and how the sentencing guidelines might apply in his case. (*Id.* at 17). The Court outlined the elements of the offense, aiding and abetting the manufacture of firearms without a license, and Movant stated he understood them. (*Id.* at 21-24). Further, Movant acknowledged that prior to signing his plea agreement, he had reviewed the agreement and that he was satisfied with his attorney's representation. (*Id.* at 25-26). Movant acknowledged he understood he was giving up his right to appeal and to

7

file any post-conviction proceedings, except for the limited circumstances set out in the plea agreement. (*Id.* at 26). The Court explained that the statutory maximum sentence Movant could receive was not more than five years of imprisonment, which Movant understood. (*Id.* at 28-29). Movant then pleaded guilty to the charge in open court. (*Id.* at 29.) Formal declarations in open court carry a strong presumption of truth. *Blackledge v. Allison*, 431 U.S. 63, 74 (1977). And where the record establishes that the defendant understood the nature of the charge against him and the direct consequences of his act, the rudimentary demands of a fair proceeding and a knowing, voluntary plea are satisfied. *Wright v. United States*, 624 F.2d 557, 561 (5th Cir. 1980). If a defendant understands the nature of the charges against him and the consequences of his plea, yet voluntarily chooses to plead guilty, the plea must be upheld on federal review. *Diaz v. Martin*, 718 F.2d 1372, 1376-77 (5th Cir. 1983); *United States v. Melancon*, 972 F.2d 566, 567-68 (5th Cir. 1992); *see also United States v. Cortez*, 413 F.3d 502 (5th Cir. 2005). Movant's plea was knowing and voluntary and the four claims he raises in his Section 2255 motion do not concern the issues reserved for appeal in his appeal waiver. Thus the issues are barred by the appeal waiver in his plea agreement.

Even if Movant had not waived the right to file a Section 2255 motion, the Court notes that the issues he raises could have been raised on direct appeal. It is well settled that a collateral challenge may not take the

place of a direct appeal. *United States v. Shaid*, 937 F.2d 228, 231-32 (5th Cir. 1991). "A defendant can challenge his conviction after it is presumed final only on issues of constitutional or jurisdictional magnitude. . . and may not raise an issue for the first time on collateral review without showing both 'cause' for his procedural default, and 'actual prejudice' resulting from the error. *Id.* at 232. Movant's four claims represent allegations that the government used false, or "fraudulent" evidence against him. *See* Doc. 2 at 10-14; Doc. 3. Movant could have raised these issues on direct appeal but failed to do so. And he has not shown either cause for his procedural default and actual prejudice resulting from the error, or demonstrated that the alleged violation probably resulted in the conviction of one who is actually innocent. *Shaid*, 937 F.2d at 232. Thus, Movant's issue is procedurally barred from review. *Id.*

V.

For the foregoing reasons, Movant's Section 2255 motion should be dismissed with prejudice for failure to make a substantial showing of the denial of a federal right.

February 7, 2019.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).